**FILED**

MAR 3 1 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
WASHINGTON D.C. DISTRICT

JED LINEBERRY 10296-078                  (
Plaintiff *PoB 9000*                     (
*UNIT D 4*                               (
vs. *F.C.I. TEXARKANA*                   (        Civi
*TEXARKANA, TEXAS 75505*                 (
UNITED STATES OF AMERICA and             (
FEDERAL BUREAU OF PRISONS                (
Defendants                               (

Case: 1:08-cv-00546
Assigned To : Unassigned
Assign. Date : 3/31/2008
Description: Pro Se Gen. Civil

---

A CIVIL RIGHT COMPLAINT SEEKING DAMAGES THROUGH TITLES 28 SEC. 1331
TITLE 42 SEC. 1983 FEDERAL TORT CLAIMS ACT 28 U.S.C. SEC.
2402, 2410, 2411, 2671 and 2680

The official procedure and policy of the administrative remedy, aka DHO was unconstitutionally excuted to Lineberry, discriminatory, and fails to comply with the Sixth and Fourteenth Amendment of the United States.

The official procedure and policy which is used to screen inmates and calculate inmate point status, thus to be placed in a low institution is bad policy and violates Lineberry's Eight Amendment. Also resulted in injury to Lineberry.

The official procedure and policy to massively over crowd FCI Low Institutions is bad policy, violates Lineberry's Eight Amendment and caused him injury.

The official procedure and policy to place illegals within an FCI Low Institution is bad policy, violates Lineberry's Eight Amendment and caused him injury.

The final decision of the defendants affirming Lineberry's DHO opinion is erroneous, fails to comply with the constitution and caused him injury. Re-reversal is warranted and trial by jury is requested.

**RECEIVED**

FEB 2 5 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

The unofficial procedure and policy, blocking Lineberry's access to the courts and not allowing him to complete the administrative remedy procedure is bad policy, a violation of Lineberry's Fourteenth Amendment and has caused him injury.

The procedure and policy to refuse Lineberry his God given right to defend himself is bad policy, a violation of his Eight Amendment and resulted in past, current and ongoing injury.

Lineberry alleges that these rights violated and his injury caused are ongoing, wilfully excuted, an abuse of power and malice.

PARTIES

Jed Lineberry is an individual residing at FCI Texarkana Federal Prison, Located within the United States of America.

Defendants, United States of America and Federal Bureau of Prisons are governmental entities liable through their official capacity.  (Other defendants will be named as the suit litigates and exposes names).

VENUE

Venue is proper in the United States District Court of Washington D.C. as this action rises a federal constitutional question, and the United States District Court of Washington D.C. has orginal jurisdiction and venue over federal agencies and all matters of constitutional claims of the United States.

Accordingly, venue is proper within the United States District Court of Washington D.C.

JURISDICTION

See Lynch vs. Household Finance Corp. 31 L Ed 2nd 424:  The Federal Dictirct
Courts shall have orginal jurisdiction of any matter/action authorized by law to
be commenced by any person to redress the deprivation under color of any State
Law, Statute, Ordinance, Regulation, Custom, or usage or any Right, Privilege
or Immunity secured by the Constitution of the United States or by any act of
Crongress providing for Equal Protection/Rights of any citizen or person within
the jurisdiction of the United States.

Jurisdiction is proper in the United States District Court of Washington D.C.
as this action rises a governmental and federally protected rights violated
by officials operating under color of law.

CAUSE OF ACTION

During the year of 2006/2007, plaintiff filed his orginal complaint against
these defendants within the District of Washington D.C.

The suit was filed through class action, however this court transfered the
complaint to the Dallas District, stating that the suit named the warden, and
not the BOP and the Dallas Insitituion and not The United States of America.

The Dallas District reversed this court's opinion, ordering each defendant
to file their seperate and individual complaint.

Lineberry complied, filing suit, however the Dallas District declined to
allow Lineberry to hing his complaint under the Class Action Rules of Federal
Rules of Civil Procedure.

The Dallas District dismissed the complaints, stating that while the complaint was filed as a class action, Lineberry and the others enjoyed the right to hing their complaint through one individual, because the claims and injury were the same, refering to exhaustion of the administrative remedy process.

However, due to each complaint being order to file seprate, with different case numbers, the Dallas District stating that Lineberry must exhaust and refile.

Accordingly, Lineberry has exhausted his admisistrative remedy procedure, and envokes   his Sixth Amendment Right to argue his complaint by jury and his Fourteenth Amendment Right to have access to the courts.

1. <u>THE OFFICIAL PROCEDURE AND POLICY OF THE ADMINISTRATIVE REMEDY PROCEDURE:</u>

The official procedure and policy of the Defendant's Administrative Remedy Procedure, aka DHO is unconstitutional and fails to comply with the Sixth and Fourteenth Amendment.

Lineberry was provided an incident report for fighting and placed in a hole. Lineberry entered a plea of not guilty, arguing an affirmitive defense of self-defense, and that he only applied force necessary to stop the violent attack upon him by the gang member.

At the DHO hearing, the defendant provided one individual acting as judge. This individual is not skilled within any law, not a licensed attorney or any member of the bar.

This individual acting as judge, is not qualified to claim judge, and fails to have authority as judge.

During these procedures, Lineberry requested his Sixth Amendment Right

to confront his accuser and question him.

The defendants, state under policy, Lineberry does not have a right to con-
front or question his accuser.

Such policy is bad and unconstititonal, violating Lineberry's Sixth and Four-
teenth Amendment.

The defendants' acting judge during the DHO hearing is not experence within
law, has no legal knowledge, not schooled in law, but takes the acting roll of
judge, making decisions that affected Lineberry's time to serve in prison, placing
him in the hole and rased his points, which forbid him to be palced within a Camp.

Such policy is bad and unconstitutional, resulting in injury toward Lineberry.

The defendant's state that the DHO decision is decided upon the pre-ponderence
of the evidence scheme.

If such procedure was constitutional, allowing additional prison time, through
the pre-ponderence of evidence scheme, the decision was erroneous, because Lineberry's
attacker was a known violent gang member, he ran into Lineberry's room, he struck
Lineberry with a chair many times, his attack was deliberate with forthought and
malice, becasue the attacker placed gloves upon his hands, and this attacker was
not invited into Lineberry's room.

During the DHO hearing, there were no evidence to dispute this claim, or the
fact that Lineberry only offered enough force to hault the assault, without stricking
him even once.

Therefore, even under such pre-ponderence of evidence scheme, the evidence
supports Lineberry's claim. However, now the defendants claim that Lineberry
is denied such right, no matter the situation. The defendants claim under policy,

no prisoner has a right to self-defence.

Such policy is bad policy, unconstitutional and resulted in injury toward Lineberry.

The official procedure and policy of the Defendant's DHO hearing further violates Lineberry's right to trial or a constitutional hearing before being punished.

The defendant's policy is to place prisoners in the hole, without a prior hearing no matter the incident report, unless the prisoner is a well known snitch. Such Snitches are provided special favors that Lineberrys does not enjoy.

The punishment vs. waiting in the hole for the DHO judge to appear somethimes takes 6 weeks.

During this wait Lineberry was placed within the same unit, provided the same treatment as a convicted prisoner of the charge. However, once the the DHO judge, ruled Lineberry guilty, ordering him to 90 days in the hole, the official policy is to denied the credited time served while waitng for the hearing.

Such porcedure and policy is bad policy and unconsitutional, resulting in injury to Lineberry.

Part of the decison of the DHO was to put Lineberry within the hole. The hole, is a serious violation of the his Eight Amendment.

The hole is aprox. 6x7 without AC, fan or heat. The temperture rises above 120 degrees, and the windows are sealed.

Such punishment is beyond cruel, resulted within Lineberry suffering both metally and personally injury.

It is the official procedure and policy to deny prisoners medical attention, until the officer questioning the victim, receives his answers.

Such Policy and procedure is bad policy and unconsitutional, violating Lineberry's Eight Amendment, resulting within additional suffering that was unnecessary.

The official policy and procedure, is to deny prisoners medical x-rays, if their injury is a head wound, claiming the head is thick and doutfully cracked.

Lineberry's injury showed deep cuts thoughout his face and head, and he requested head x-rays, however the medical attention was denied.

Lineberry was placed in the hole, in the heat of the summer, denied a shower, any bandages, medicine until the fourth day, of his hole time, at which time he was only provided advil.

Such policy and procedure is unconstitutional, and bad policy resulting in past, present and ongoing injury toward Lineberry.

Each claim of bad policy and unconstitutional procedure does not serve any penalogical interest or purpose.

Lineberry served over the 90 day sentence within the hole, becasue as stated, the defendants do not credit hole time while waiting trial.

Lineberry explained to the staff, that his attacker is involved within gangs, and such gang is known for their violence. Also, to remove these few prisoners.

Lineberry explained that such violent prisoners should not be housed within a low institution.

No action ws taken, therefore, withiin one hour, again Lineberry was seriously assaulted by the same gang member, this incident, Lineberry was attacked from behind by this gang member, with a sock holding several locks.

The  defendants applied the same bad  policy and unconstitutional procedure, and again denied Lineberry medical attention, placed him within the hole, but agreed that this assualt was no fault of Lineberrys.

Lineberry has again suffered  past, present and ongoing injury.  And again, the defendants refuse trough bad policy and procedure to correct the problem.

It is not the policy or procedure to remove these few individuals from the compound, but to remove the victim.

Such policy is bad policy and unconstitutional procedure that has resulted in past, present and ongoing injury towards Lineberry.

Such Procedure and policy actually extends power to these gangs,  which has allowed them to injury any prisioner that refeuse to take orders from them.

Each alleged policy or procedure deals with the DHO  hearing procedure, and Lineberry request that such bad policy and unconstututional procedure be ordered to be altered to comply with fairness and the constitution.

The discriminatory problem of Lineberry's claim is due to special favors toward prisoners, especially snitches that has learned how to manipulate the staff into assiisting them with their cause.

Additionally, the defendants have retaliated against  Lineberry for filing his complaint.

Lineberry has proof that an  officer/employee of the defendants ordered the assault on Lineberry, because these individuals have been paying these officers with money to bring in "special items" for them. (names will be withheld intil trial).

page 8

THE OFFICAL PROCEDURE AND POLICY WHICH SCREENS INMATES AND CALULATES INMATES POINT STATUS IS BAD POLICY AND UNCONSTITUTIONAL:

Lineberry is a none violent individual, he is an american citizen, he has no  past violence within his record/history and his crime is not considered violent, thus being, a constructive possession of a firearm and moneylaundering.  Therefore, Lineberry is properly scored a low security prisoner.

It is the official policy and procedure of the  defendants to house illegals within a low institution.

A prisoner's point score is determined  through past criminal history, past violence, family ties, work history, education and many other areas that can only be verified trough past records.

It _is impossible to properly check illegals, becasue the defendants do not have access to this information/history/records, due to the fact they are not american citizens, and most here on illegal entry.

Placing such individuals within a low institution with american prisoners that is properly  scored a low security prisoners has far grather risk to serious injury to the american prisoner.

Such policy is bad policy and unconstitutional, which has resulted within the prisons being massively over crowded, resulting in injury toward Lineberry.

Additonally, it is absolutely a criminal  offense for anyone to hire an illegal to work within this country.  However, these defendants have provided these iillegals with jobs, earing pay while housed in these low institutions.

Such policy and prodedures are bad  policy and a criminal offense.  Therefore, this court should take proper action to correct this serious crime.

page 9

THE OFFICIAL PROCEDURE AND  POLICY TO MASSIVELY OVER CROWD FCI LOW INSTITUITONS
IS BAD POLICY AND UNCONSTITUTIONAL.

Lineberry was housed at FCI Seagoville, during his stay, approx 2 years, he
was housed within a compound that has the legal capacity to house  approx. 900 pris-
oners, however these defendants have massively over crowded this institution to house
approx 2000 prisoners.  Stuffing prisoners in back rooms, the floor, removing recre-
ational space, adding beds, stacking beds down halls blocking exits which has resulted
in daily fights over personal space, resulting in personal injury toward Lineberry.

Such policy is unconstitutional and a serious violation of Lineberry's Eight
Amendment.

Lineberry, is  housed within FCI Low Texarkana, such institution is also
seriously and massively over crowded.

Lineberry's room, where he  is housed is  approx. a room sized 5 feet by 6
feet.  Within this tiny room, these defendants  have placed 3 beds, 3 lockers, one
toilet, and no desk for writing.

During their count there is not even enough room to allow all 3 prisoners to
stand.

The beds are stacked upon each other, leaving only enough room to role into
the bed.

Lineberry personaly complaint to the  defendants.  These defendants stated
that if Lineberrry needed more space, he would place him in the hole, ha ha!

Lineberry requested for his BP 9, an attempt to exhaust his administrative process,
and completed the form.

The form was  delivered to these defendants, Lineberry requested his copy, but
thses defendants refused.

Lineberry entered again into the defendant's office and requested a copy of his complaint and the results.

The defendant stated that he would respond if he found time.  Therefore, Lineberry waited again 30 days requesting an answer.  It was again refused.

It has now been more than 5 months sense he filed his BP 8, without any response from the defendants.

The defendants have wilfully bolcked Lineberry's attempts to exhaust his administrative remedy specifically addressing the massive-overcrowding.  Therefore, the courts have stated that if such procedure is blocked, the prisoners has a right to proceed to courts, as if the administrative remedy process was completed.  (see Lineberry's attached affidavit).

THE OFFICIAL POLICY AND PROCEDURE TO PLACE ILLEGALS WITHIN A LOW INSTITUTION.

It is the official policy and procedure of the defendants to place illegals into low institutions.

Such policy and procedure is bad policy, creates a safety and health risk for american prisoners.

It is a fact that 99% of all illegal prisoners are gang related pron to violence puting the safety of Lineberry at  serious risk.

To score prisoners, first the defendants must complete a criminal back-ground check of criminal history, past violence, family ties, past ecapes and any pending criminal charges.

Such procedure cannot be properly executed on illegals, further placing the harmony of the institution at risk, and creating injury toward Lineberry.

page 11

It is the policy and procedure to employ illegals within these low institutions with payment provided to the illegals.

Such policy and procedure is a crime that only seems to be given a wink and knod.

THE FINAL DECISION OF THE ADMINISTRATIVE REMEDY PROCESS IS ERRONEOUS.

Lineberry was provided an incident for fighting, provided a hearing. The opinion was to place Lineberry into the hole for an additional 90 days, remove his visitation rights, phone rights and spending privilage.

Lineberry appealed by  BP 10 which was denied. Lineberry further appealed under BP 11 which was also denied, such opinion is erroneous.

It appears that these defendants claim that prisoners must act morally, comply with all rules, not break any laws and behave accordingly or further suffer as these defendants see fit, and never act in self defense.

Such uttered words seem to have an endless supply when given to Lineberry, but it seems to be in short supply when it comes to these defendants following rules, laws and moral practice.

Lineberry's evidence proved that he acted within self defense only, and now the defendants except such claim by Lineberry, but have openly stated that Lineberry never has the right to defend himself, which is the main cause of Lineberry's injury.

The defendants massively over crowd these institutions, pack in illegals, place prisoners on floors, in hall ways, pack in violent gang members, and to add to the high risk of violencce, these defendants have under staffed these institutions.

Make no mistake about it.  Lineberry will prove that due to these defendants massively over crowding the institution, placing violent gang members into them, and placing illegals into them, and seriously under staffing, he was injured by another prisoner that should have not been placed within such low institution, and due to space, the injury was caused on Lineberry, but through an wilfuly act of these defendants, without any reguard for the safety of Lineberry and other prisoners alike, cut staff, leaving violent inmates unsupervised is the moving force behind Lineberry's injury.

Additonally, Lineberry will offer evidence that showes such injury was additionally influenced through retaliation, because Lineberry has openly exposed these events to the courts.

In other words, these defendants through malice,  neglect and bad policy caused Lineberry's injury, and no court, person or act will ever have a right to remove a persons right to self defense if  he feels his life is in danger or if he is being attacked.

All creatures want to live.  No one wants someone to take their life, that is just and a God given birth right.

A rabbit will run if threatened, that is why  he has strong legs.  He don't need strong legs or big ears to find food and eat tender shoot.  No, he has the big ears to listen for threats, and strong legs to escape.

A buck will snort in warning if threatened, a snake may shake a rattle to ward off threats.  A wolf grows a warning if threatened, but if the danger  keeps coming, and they can not escape, a Buck may trample it, the snake may strick and the wolf

may attack.

None of them will go looking for trouble, or a fight, but each will protect themselves.

Lineberry was attacked within his room, from behind, a chair used to strike him in the head, gloves to make his fist harder, and beat over and over. Lineberry's biggest fear was getting into trouble, not being able to see his family, but he was left without a choice, to act in self-defense or possible be beaten to death, by a thug, a gang member looking for blood. Therefore, Lineberry only applied enough force to stop the assualts, however Lineberry received serious head injury, cuts through out his body and serious bruses, Some injury leaving life time scars not only to the body, but to his mind.

Picture, puting a house dog in with other dogs, wolfs and pit bulls without anyone to protect him. Truth be known, the dog will either fight or die!

Through prior litigation, Lineberry exposed these bad policies and constitutonal violations. The fights accured daily, injured prisoners daily. gangs out of control and illegals that should never be housed with other none illegals. The defendants refused to correct the problem, but choice has shown that these defendants retaliated with malice against Lineberry and seek favors within the courts to have the orginal complaint dismissed, which left Lineberry exposed to injury.

When you are forced to meekly sacrifice your ultimate value, your life, the only one you will ever have to any thug who on a whim decides to take it from you, then you can't be helped.

You maybe able to be rescued for one day, but the next day another thug will come and you will again willingly prostrate yourself before him. You have placed

the value of your attacker above your own. When you grant to anyone who demands it, the right of life or death over you, you have already become a willing slave to these thugs, in search of any butcher who will have you.

What should make any normal human being angry, is the way these defendants claimed to have stolen Lineberry's ability to defendant hmself, but then placed him within an environment that violates constitutional law, but worse unhumane, Moreover, but, to retaliate against him for trying to expose what goes on within these institutions is not the behavior of a sane individual. The individuals making these policies and procedures are incompetent, insane and without doupt seriously abused their power.

### OTHER CONSTITUTIONAL VIOLATIONS

Lineberry has completed the administrative procedure, refering to the above alleged issues, however he has provided evidence that supports these defendants have blocked his administrative remedy process, therefore Lineberry respectively request this court entertain the list below of ongoing bad policies and constitutional violations.

The defendants offer a "Drug Class" for prisoners with past drug problems. This class is federally funded through the educational programs.

To qualify, the prisoner must provide evidence of past drug abuse. Once the inmate has completed the class, these defendants remove one full year form the inmates' prison sentence.

Lineberry, has never used illegal drugs, therefore, these defendants have refused to allow Lineberry to take the class, accordingly, he is denied the removal of one year form his sentence.

The defendants offer one group of prisoners with a handicap, but refuse others with handicaps.

In other words, Lineberry is punished for not having a prior drug problem.

The law is clear within these areas, if federally funded, the care/class/etc... cannot discriminate.

The defendants under policy, state the right to collect court fines.  Accordingly, these defendants force Lineberry (an all other prisoners with fines) to sign an arregement to allow them to remove funds form their trust  account.

The defendants states if, Lineberry refuses to allow them to collect the funds, he will loose his right to attend the jail store.

The defendants are not a collection agency, and without authority to force prisoners/Lineberry to pay civil fines, or suffer hardships that other inmates enjoy without fines.

The defendants force Lineberry to work within the institution, however, these inmates refues to pay him for the force/slavery.

Servitude is unconsititiuonal, and such forced work without pay constitutes servitude.  Accordingly, these defendants must be ordered to either pay Lineberry and other inmates alike for their work by coins, or good/work time credit against their sentence.

These defendants offer Lineberry (and,  other inmates that pay them fines) food etc... through their jail store.

The Jail/prison store sells these items far execceding freeworld retail prices. In other words, these defendants profit off prisoners.  Such profit through servitude is a crime.

Accordingly, these defendants must be order to stop such illegal business, lower their food/etc... prices to cost and repay Lineberry for all illegal funds received.

RELIEF SOUGHT

ISSUE 1. THE OFFICIAL PROCEDURE AND POLICY OF THE ADMINISTARATIVE REMEDY, DHO.

The defendants appoint an individual(s) with legal experence as an attorney to actt as judge for the DHO Hearing/Procedure/Policy, fully comply with statutory and constitutional law.

ISSUE 2. THE OFFICIAL PROCEDURE AND POLICY APPLIED TO SCREEN AND SCORE INMATE POINTS.

Not allow any prisoner to be housed within any institution that belong to any gang, not house illegals, and not provide snitches with specical power and/or favors.

ISSUE 3.  THE OFFICIIAL PROCEDURE AND  POLICY TO MASSIVE OVER CROWD FEDERAL INSTITUTIONS.

The federal courts have set reasonable standards through law suits which force the institutions to comply with due to Eight Amendment Violations.  Copy such order, specifically stating that the institution not be allowed to reach 96% capacity of it orginal design.  At once remove/lower the federal institution's population to fully comply with statutory and constitutional law.  (See federal civil right suit filed against TDC in Texas).

ISSUE 4.  THE FINAL DECISION OF THE DEFENDANT"S DECISION TO AFFIRM LINEBERRY"S DHO DECISION.

Expung Lineberry's record, refering to the incident report for "fighting", recalculate Lineberry's points as if the incident never happen, remove the policy that refuses to allow an individual to "self defense", provide Lineberry 4 days for each 1 day served to his sentence,  time commencing on 10/24/2002, release him from any obligation of the BOP, pay Lineberry $1,000,000.00 for personal injury

for the first assault, and pay Lineberry $10,000,000.00 for punitive damages. See Wood vs. Strickland 43 L  Ed 2nd 883 id at 860 (17) and Scott vs. Donald 41 L Ed 632 granting punitive damages in cases against government officials where the act or harm was alleged and proven to be caused intentional or with malice.

ISSUE 5.   THE DEFENDANT"S OFFER "DRUG CLASS" FOR PRISONERS WITH PAST DRUG PROBLEMS.

Offer each prisoner a class equal to that of the drug class, once completed, the prisoner receive one year credited toward his sentence.

ISSUE 6.   COLLECTION OF FINES BY DEFENDANTS.

Forbid the defendant from collecting fines from prisoners, refund Lineberry all funds collected with interest ordering repayment to all inmates equal to the amount collected.

ISSUE 7.   SERVITUDE.

Pay Lineberry the legal wage, or provide Lineberry with extra work credits to apply towards his sentence, equal to 1 day for every day worked and credit him equal to the legal wage or day for day for each day served prior within the istituition.

ISSUE 8.   PRISON STORE.

Remove all added price to any item sold that equals profit, refund Lineberry and  all other prisoners alike any profit-gain off his funds purchasing items from their store.  Sell all items to  any and all prisoners at cost and fully comply with statutory and canstitutional law.

ISSUE  9.   MEDIAL/DENTAL CARE.

Repair Lineberry's teeth as to the condition before neglect, fill his front tooth, replace or repair his bridged teeth and totally replace his rear tooth.

BLOCKING THE ADMINISTRATIVE REMEDY PROCESS AND RETALIAITON FOR EXPOSING THE
DEFENDANTS.

Order the defendants to comply with constitutional law would only be redundant,
therefore, force/order the  defendants to post a memorandum for all prisoners to
view, specifically address this serious problem and abuse of power.  Further stating
that such attemp to block is a crime, and such official maybe held personally liable
through suit for any damage accured, and the prisoner has right to file directly
in federal court, thereby by passing the administrative remedy process.

The plaintiff truely understands that there are few weapons as effective in
eviscerating an adversary as the simpy tatic of delay.  Therefore, Lineberry re-
quest this honorable court, not provide these powerful defendants with such ammunition.

Additonally, these defendants are full aware that knowledge is dangerous to
oppression, and these defendants have a  history crushing such oppressers by placing
them into the hole, or putting them on a world travel within a bus or plane. Therefore
Lineberry request an order not to remove him from FCI Texarkana population without
an order of this court.

For reasons.......within this complaint, Lineberry request trial by jury, he
be granted all relief requested and any other relief he maybe entitled  to whether
prayed for or not.


Respectfully submitted,
Jed Lineberry 10296-078 D4
FCI Texarkana
P.O. Box 7000
Texarkana, TX. 75505-7000

_____  02/22/2008

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

| From: | Lineberry Jed Stewart | 10296-078 | D4 | FCI Texarkana |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL :**   I offer my formal notice of appeal for cause no. 456997-R2.  The decision of G. Maldonado Jr. is erroneous.  It appears that my appeal is not taken seriously. I not only appealed the erroneous decision of the DHO hearing, I challenged the constitution- ality of the DHO procedure, but no response was provided. nevertheless I will challenge this issue once in federal court.  There is not need to elaborate further on the points of error, because I am sure within the BOP it is FRUITLESS.  Please send your decision without delay, accordingly I will file in federal court seeking money damages.  Just so we understand eachother, I have also challenged your polices, claiming unconstitutional bad policy, As it maybe, when I am faced with a choice of being beat to death by a lowlife violent gang member, I will choose self-defense as I did here.  A person does not loose his right to defend himself if attacked as you wish to believe.  I do not deserve to be treated as such your administration has treated me for only defending myself.  I will show that within Seagoville, inmates that snitch have been provided special favors, I know of several that have been caught with shanks during a fight, but never written up or served a day in the hole.  I respect honest athority, but despise corruption.

09/28/2007
_____
DATE

*Jed Lineberry*
_____
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

**RECEIVED**

OCT 0 9 2007

Administrative Remedy Section
Federal Bureau of Prisons

*Final Appeal BP-11*

_____
DATE

ORIGINAL: RETURN TO INMATE

GENERAL COUNSEL

CASE NUMBER: _456997-A1_

**Part C - RECEIPT**

CASE NUMBER: _____

| Return to: | | | | |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

_____
DATE

♲ PRINTED ON RECYCLED PAPER

SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN

BP-231(13)
JUNE 2002

Administrative Remedy No. 456997-A1
Part B - Response

You appeal the DHO's decision of May 3, 2007, for Fighting with
Another Person, Code 201. You deny being involved in a fight.
As relief, you request that the incident report be expunged.

Our review reveals substantial compliance with Program Statement
5270.07, _Inmate Discipline and Special Housing Units_. This P.S.
states that the decision of the DHO shall be based on at least
some facts, and if there is conflicting evidence, it must be
based on the greater weight of the evidence. Accordingly, we
find that the DHO detailed in Section V of the DHO report the
specific evidence relied upon to support a finding that you
committed the prohibited act of Fighting with Another Person,
Code 201, and we agree that it is reasonable to make that
finding. Furthermore, we do not find any evidence to support
your contention that you were not in a fight. You contend you
acted in self-defense. There is no such excuse in the
correctional environment as this type of behavior jeopardizes the
safety of that person and disrupts the orderly running of the
institution. In addition, this behavior potentially promotes a
dangerous environment for responding staff and could ultimately
create a more serious incident. Therefore, based on our review,
we find that the required disciplinary procedures were
substantially followed, the greater weight of the evidence
supports the decision, and the sanctions imposed were appropriate
for the offense and in compliance with policy. Your appeal is
denied.

_December 3, 2007_
Date

Harrell Watts, Administrator
National Inmate Appeals

## AFFIVADIT

I Jed Lineberry declare that I am over the age of 18 and of sound mind. Add, itionally, I have first hand knowledge of the statements declosed within this affidavit, and each statement is trueful and correct to the best of my ability.

During the Month of November/2007 I entered to an official employee of the defendants and requested to remove at least one individual from room 709. With this individual the room housed 3 inmates. The room is approx. 5 feet by 6 1/2 feet with 1 sink, 1 toilet, 3 lockers and 3 beds.

The officer stated if you want a 2 man room, pack your stuff, I will put you in the hole.

My response was the room is not even big enough to house 2 inmate, but 3 is creating a serious safety and health risk.

The officer stated, I will not remove anyone from the room. Therefore, I requested an official administrative remedy form aka, BP 8. The officer provided it, and said I wish you luck.

I left, filed out the form the same day, and delivered it back to the same officer and requested a copy. The return copy was refused.

I rentered the officer's office reqesting the results of the BP 8 approx 20 days later. The officer stated he had not looked at it yet, but would look at it "if he got time". I left only to return 30 days later requested the response, but again it was refused.

Approx 60 days past, I requested the response, explaining to the officer that without the response, I have no way of appealing the BP 8. Again, it was refused.

It has now been approx. 4 months and such refusal to respond to the BP 8 has blocked my attempt to exhaust the administrative remedy process.

Approx in the month of November of 2007 I completed a BP 8 and delivered it to the same officer. This BP 8 refered to dental care, specifically requesting dental care.

Approx. 1 week after the completed form, I was called over to the medical/dental office and spoke with 3 employees of the defendants.

Prior to filing such BP 8, I had explained many times to the dental office that my teeth needed care, but each time, their defense was "I'm only one person, and the institution is so over crowded that it may be up to 4 years before they could fix the teeth.

Due to over crowding, and delay the tooth broke and beyond repair, therefore, the BP 8 stated if they refused to do what ever it took to correct their neglect, I will complete the administrative process and then file suit in court.

I was told that I was going to be put in the hole for having a bad attitude. They also made it perfectly clear that such attempt to expose any employee of FCI Texarkana would land me in to the hole. Also, the officials refused to respond to the BP 8, again blocking my access to the courts and a serious threat if I proceeded to the courts for assistance.


Jed Lineberry 10296-078

_____ 02/20/2008